UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.L., individually and on behalf of S.L., a child with a disability, | COMPLAINT |
| *Plaintiffs*, | Case No. |
| -against- | |
| NEW YORK CITY DEPARTMENT OF EDUCATION, | |
| *Defendant.* | |

L.L., individually and on behalf of S.L., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code, Section 1983, to redress the denial to plaintiff by defendant of protected liberty interests and rights without due process of law.

3. Plaintiffs L.L. and S.L. reside in the County of Kings, State of New York.

4. S.L. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

5. L.L. is the parent of S.L. as defined by IDEA 20 U.S.C. § 1401(23).

6. Defendant New York City Department of Education is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state

statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7.  Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8.  Jurisdiction for the enforcement of the Findings of Fact and Decision (FOFD) under 42 U.S.C. §1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, *inter alia,* the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9.  Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

10. S.L. was born in 2007.

11. S.L. was classified as a student with autism by defendant's committee on special education.

12. By due process complaint (DPC) to the defendant dated May 3, 2019, plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

13. The matter was assigned case number 182927.

14. Plaintiff's DPC demanded, *inter alia,* a finding that defendant did not provide S.L. with a

free appropriate public education (FAPE) pursuant to IDEA, during the 2016-2017, 2017-2018 and 2018-2019 school years.

15. As relief, plaintiff's DPC demanded, among other things, the addition of applied behavior analysis (ABA) and social skills training to S.L.'s Individualized Education Program (IEP), and placement of S.L. in a nonpublic school, in order to remedy the defendant's failure to provide her a FAPE.

16. The defendant appointed Gary Peters as impartial hearing officer (IHO).

17. An impartial due process hearing was held for L.L. and S.L. on August 20, 2019.

18. At the impartial hearing, plaintiff submitted documentary evidence into the record, and presented three witnesses in support of the relief sought in her DPC.

19. On October 4, 2019, plaintiff, through her legal counsel, submitted a closing brief and memorandum in support of the relief sought by way of her DPC.

20. On November 5, 2019, IHO Peters issued a Findings of Fact and Decision in favor of the plaintiffs, finding a denial of FAPE and ordering relief for S.L., including: completion of an assistive technology by defendant, funding of a functional behavioral assessment by defendant, in an amount not to exceed $1,000, funding of an occupational therapy evaluation by the defendant, in an amount not to exceed $1,500, funding by the defendant for six hundred (600) hours of compensatory applied behavior analysis, at a rate up to two hundred dollars ($200) per hour, funding by the defendant for seven hundred thirty six (736) hour of compensatory academic instruction, at a rate up to one hundred fifteen dollars ($115) per hour, funding by the defendant for twenty five (25) half hour sessions of compensatory speech-language therapy, at a rate up to two hundred dollars ($200) per hour, the defendant amend S.L.'s IEP to include a provision for applied behavior analysis, the defendant amend S.L.'s IEP to include a provision

for social skills training, and defendant refer S.L.'s placement to its central-based support team in order to locate and enroll S.L. in a New York State approved nonpublic at public expense.

21. Defendant has not complied with the terms of the Findings of Fact and Decision as defendant has not located and enrolled S.L. in a New York State approved nonpublic at public expense.

22. Defendant has not complied with the terms of the Findings of Fact and Decision as defendant has not amended S.L.'s IEP to include a provision for applied behavior analysis.

23. Defendant has not complied with the terms of the Findings of Fact and Decision as defendant has not amended S.L.'s IEP to include a provision for social skills training.

24. As a result of defendant's failure to enroll S.L. in a New York State approved nonpublic school pursuant to the IHO's order by way of the Findings of Fact and Decision, S.L. is not receiving her education in the most appropriate placement.

25. As a result of defendant's failure to amend S.L.'s IEP to include provisions for applied behavior analysis and social skills training, S.L. is not receiving appropriate special education services at her current public-school setting.

26. As of the date of this complaint, defendant has failed to settle the attorney's fees incurred in this matter.

## FIRST CAUSE OF ACTION

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as if more fully set forth herein.

28. Plaintiff L.L. initiated an impartial hearing on behalf of S.L. under case number 182927.

29. Plaintiff L.L. prevailed at the impartial hearing by obtaining a decision and order from IHO Peters ordering the relief sought by plaintiff L.L. in her DPC.

30. Plaintiff L.L. having prevailed in the underlying proceedings hereby seeks reasonable

attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if more fully set forth herein.

32. The defendant has not complied with the terms of the IHO's order in case number 182927.

33. Specifically, defendant has failed to locate and enroll S.L. in a New York State approved nonpublic at public expense and has failed to amend S.L.'s IEP to include provisions for social skills training and applied behavior analysis.

34. As a result of defendant's failure to place S.L. in a New York State approved nonpublic school pursuant to IHO Peters' order by way of the Findings of Fact and Decision, S.L. is not receiving her education in the most appropriate placement.

35. As a result of defendant's failure to amend S.L.'s IEP to include provisions for applied behavior analysis and social skills training pursuant to IHO Peters' order by way of the Findings of Fact and Decision, S.L. is not receiving appropriate special education services at her current public-school setting

36. Defendant has, under color of law, deprived plaintiffs of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

37. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. See *Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); see also *Weixel v. Board of Educ. of City of New York,* 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, plaintiffs have stated causes of action

under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); contra *A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

38. Specifically, plaintiffs seek an order directing that defendant comply immediately with all terms of IHO Peters' Findings of Fact and Decision, including locating and enrolling S.L. in a New York State approved nonpublic school at public expense, and amending S.L.'s IEP to include provisions for applied behavior analysis and social skills training.

### THIRD CAUSE OF ACTION

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as if more fully set forth herein.

40. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

41. The First, Third, Fourth, Ninth and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. See, e.g., *Blanchard v. Morton School Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

42. Thus, in the alternative to the § 1983 cause of action stated above, plaintiffs seek an order pursuant to the IDEA's own enforcement authority directing that defendant comply immediately with all the terms of IHO Peters' Findings of Fact and Decision in case number 182927, including locating and enrolling S.L. in a New York State approved nonpublic school at public expense, and amending S.L.'s IEP in order to include provisions for applied behavior analysis and social skills training.

WHEREFORE, plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) An order directing the defendant to comply with the IHO's decision and order and locate and enroll S.L. in a New York State approved nonpublic school at public expense, and amend S.L.'s IEP to include provisions for applied behavior analysis and social skills training;

(3) Award to the plaintiffs costs, expenses and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988;

(4) Award to the plaintiffs costs, expenses and attorneys' fees for the administrative proceeding pursuant to 20 U.S.C. § 1415;

(5) Award to the plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(6) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
March 23, 2020

Yours etc.,

s/ Kevin M. Mendillo
CUDDY LAW FIRM, PLLC
Kevin M. Mendillo, Esq.
*Attorneys for Plaintiffs*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020
kmendillo@cuddylawfirm.com