UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

L.L., *individually and on behalf of S.L., a child with a disability*,

                          Plaintiffs,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION.,

                          Defendant.

20-CV-2515 (JPO)

OPINION AND ORDER

————————————————————————

J. PAUL OETKEN, District Judge:

On behalf of herself and her minor child, S.L., Plaintiff L.L. filed this lawsuit against Defendant New York City Department of Education ("DOE"), claiming to have prevailed against DOE in an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), and seeking $86,456.39 in total attorney's fees and costs under the statute's fee-shifting provision, *see* 20 U.S.C. § 1415(i)(3). (Dkt. No. 1 ("Compl."); Dkt. No. 30 at 3.)[1] Plaintiff has moved for summary judgment on her request for attorney's fees and costs. (Dkt. No. 25.) For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

**I.   Background**

None of the following facts are in dispute. S.L. is a child with a disability as defined by IDEA. (Dkt. No. 36 ¶ 2.) Plaintiff filed a due process complaint ("DPC"), alleging that DOE did not provide S.L. with a free appropriate public education ("FAPE") during the 2016-2017,

---

[1] Plaintiff had also asserted a cause of action pursuant to 42 U.S.C. § 1983 (*see* Compl. ¶¶ 31–38), but because the parties have resolved this claim (*see* Dkt. No. 30 at 1), the Court does not address it.

1

2017-2018, and 2018-2019 school years. (Dkt. No. 36 ¶¶ 7, 9.) Plaintiff sought the addition of applied behavior analysis and social skills training to S.L.'s Individualized Education Program (IEP), placement of S.L. in a non-public school, as well as other relief. (Dkt. No. 36 ¶ 10.)

An impartial due process hearing was held on August 26, 2019 (Dkt. No. 36 ¶ 12), in which Plaintiff entered documentary evidence into the record, presented three witnesses, and submitted a closing brief. (Dkt. No. 36 ¶ 13–14.) Three days prior, on August 23, 2019, DOE's counsel had informed Plaintiff's counsel that she would not be able to attend the hearing. (Dkt. No. 28 ¶ 33; Dkt. No. 36 ¶ 23.) DOE did not appear at the hearing, and therefore did not cross-examine any of Plaintiff's witnesses or submit any exhibits. (Dkt. No. 36 ¶¶ 20–22.) The administrative hearing lasted a little less than two hours. (*See* Dkt. No. 34-1 (noting that the hearing began at 11:47 A.M. and was adjourned at 1:32 P.M.)).

In November 2019, the Impartial Hearing Officer ("IHO") concluded that DOE "failed to meet its burden in demonstrating that its recommended programs of special education provided [S.L] with a FAPE during the disputed period of time." (Dkt. No. 28-2 at 10.) The IHO ordered DOE to provide the following relief for S.L.: completion of assistive technology; funding for a behavioral assessment, occupational therapy evaluation, applied behavior analysis, academic instruction, and speech therapy; amendment of S.L.'s IEP; and referral to a non-public school. (Dkt. No. 36 ¶ 15.) DOE did not appeal the IHO's decision.

Plaintiff filed this action on March 23, 2020. (*See* Compl.) The parties engaged in settlement negotiations but were unsuccessful. (Dkt. No. 36 ¶ 24; Dkt. No. 28 ¶¶ 52–53.)

## II.   Discussion

The IDEA provides that district courts, in their discretion, may award attorney's fees and costs to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i). A party "prevails" when "actual relief on the merits of [her] claim materially alters the legal relationship between the parties by

modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014) (internal quotation marks and alterations omitted). The fees may be reduced under 20 U.S.C. § 1415(i)(3)(F), unless the court concludes that the "local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section," 20 U.S.C. § 1415(i)(3)(G).

To determine the attorney's fees to which a party is entitled, a court must calculate each attorney's and paralegal's "presumptively reasonable fee." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014). "When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in *Johnson v. Georgia Highway Express Inc.*" *R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019).

### A.  DOE's Unreasonable Protraction of the Final Resolution

The parties do not dispute that Plaintiff is a "prevailing party," but they do dispute what constitutes reasonable attorney's fees. Before turning to this calculation, the Court first addresses Plaintiff's argument that the fees should not be reduced at all because DOE unreasonably protracted the final resolution of the action by (1) issuing a due process response that made it difficult for Plaintiff's counsel to evaluate DOE's position on the issues raised in Plaintiff's DPC; (2) failing to resolve any of the issues raised by Plaintiff during the resolution meeting; (3) failing to settle the matter prior to the hearing, even though DOE decided not to appear; and (4) failing to implement the relief awarded by the IHO in a timely manner. (Dkt. No. 30 at 7–10.)

The Court concludes that any protraction on DOE's part did not rise to the level of being "unreasonable." First, Plaintiff does not explain how the due process response was inadequate,

nor does she expound on how the response delayed the final resolution of the action. Second, DOE's failure to agree to provide any relief requested to Plaintiff prior to the hearing, which required Plaintiff to attend and participate in an administrative hearing, is not an unreasonable protraction; as DOE notes, this is "nothing more than garden variety hearing preparation." (Dkt. No. 33 at 19.) Third, Plaintiff provides no additional details about DOE's failure to implement the relief awarded by the IHO and it is the Court's understanding that any issues with implementation have now been resolved. (*See* Dkt. No. 36 ¶ 16.) Finally, Plaintiff cites no case law to support her position that DOE's actions unreasonably protracted the resolution of this matter. And indeed, the case law supports the opposite conclusion — that DOE's actions did *not* cause an unreasonable delay. For instance, in *S.J. v. New York City Department of Education*, the court concluded that there was no unreasonable delay, No. 20 Civ. 1922, 2021 WL 100501, at *4 (S.D.N.Y. Jan. 12, 2021), even though Plaintiff argued that DOE's representative failed to schedule a resolution hearing, required that the hearing be adjourned (resulting in the award being issued 170 days after the filing of the DPC), and was slow to implement the relief awarded by the IHO, *see* Plaintiffs' Memorandum of Law in Support of Summary Judgment at 6–8, in *S.J.* 2021 WL 100501, Dkt. No. 36 at 6–8.

    **B.**    **Reasonable Fees**

The Court now turns to calculating the presumptively reasonable fees for Plaintiff's counsel. As with all summary judgment motions, "all evidence must be viewed in the light most favorable to the non-moving party." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *2 (S.D.N.Y. Sept. 14, 2018) (internal quotation marks omitted).

    **1.**    **Hourly Rates**

Plaintiff contends that Andrew Cuddy and Jason Sterne, two of the firm's senior attorneys, are entitled to $550 per hour; Kevin Mendillo, an associate and lead attorney on this

case, to $450 per hour; Benjamin Kopp, a more junior associate, to $400 an hour; and the six paralegals who worked on this matter, to $225 per hour. (Dkt. No. 26-1 at 1.) DOE argues that based on the *Johnson* factors and the recent attorney's fee decisions in this district involving Plaintiff's counsel's firm, Cuddy and Sterne should be awarded no more than $360 per hour; Mendillo no more than $300 per hour; Kopp no more than $200 per hour; and paralegals no more than $100 per hour. (Dkt. No. 33 at 7, 12.) The Court agrees with DOE that the requested rates must be reduced.

As to the senior attorneys, the prevailing rate in the New York area around 2019 was between $350 and $475. *See, e.g.*, *S.J.*, 2021 WL 100501, at *3. Indeed, Plaintiff's counsel's firm also represented the plaintiff in *S.J.*, *see id.* at *3–4, making this decision particularly relevant. As in other cases, Plaintiff relies on declarations made by attorneys who specialize in special education law and practice in this district, to argue for the higher rate. (Dkt. No. 30 at 20–21.) Following the practice of other judges in this district, this Court declines to rely on these rates as the starting point for the analysis of presumptively reasonable fees, "because the submitted evidence either does not substantiate such rates were actually paid (versus claimed), or where rates are asserted to have been actually paid, does not provide relevant context for such rates billed." *S.J.*, 2021 WL 100501, at *3; *see also C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632, 2018 WL 3769972, at *6 n.9 (S.D.N.Y. Aug. 9, 2018) (declining to rely on declarations of IDEA practitioners because "[t]hey provide isolated examples of billing rates of a few lawyers who may or may not be representative of the field").

Taking into consideration this information and the relevant *Johnson* factors, the Court concludes that a reasonable rate for Cuddy and Sterne is $360 per hour. Though courts in this district have occasionally awarded senior IDEA practitioners a higher hourly rate of around $400

per hour, this is generally awarded when the impartial hearing was heavily contested and involved more complex matters than at issue here. *See, e.g., C.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7337, 2019 WL 3162177, at *6 (S.D.N.Y. July 2, 2019) (awarding Cuddy and Sterne $400 an hour for contested administrative hearing that lasted almost 10 hours). Here, in contrast, DOE did not oppose Plaintiff's positions at the hearing. (*See* Dkt. No. 36 ¶¶ 20–22.) And the attorney's fees submitted by Plaintiff reflect that Cuddy's work on this matter related primarily to billing and the federal action, and Sterne's work on this matter was minimal and purely supervisory. (Dkt. No. 26-1 at 3, 23, 27, 28.)

As to Mendillo, the Court concludes that a rate of $300 per hour is reasonable. Mendillo is a 2010 law school graduate and was admitted to the New York bar in June 2011. (Dkt. No. 28 ¶ 4.) He has been employed by Cuddy Law Firm, PLLC since January 2014 and has represented parents in over one hundred impartial due process hearings. (Dkt. No. 28 ¶ 5.) In reaching this conclusion, the Court notes that the DPC did not raise especially novel or complex issues and DOE did not oppose Plaintiff's positions at the two-hour hearing. However, the Court also recognizes that because DOE did not inform Mendillo that it would not be appearing at the hearing until a few days prior to the actual date of the hearing, Mendillo had already substantially completed his preparation. (Dkt. No. 28 ¶ 33.) The Court also concludes that as a result, his hourly rate for travel, which was reduced to $225 per hour at the discretion of the law firm (*see* Dkt. No. 30 at 24), should be further reduced to $150 per hour.

As to Kopp, the Court concludes that a rate of $200 per hour is reasonable. Kopp graduated from law school in 2015 and joined the Cuddy Law Firm in 2018. (Dkt. No. 27 ¶ 13.) "For associates with three or fewer years of experience in [IDEA] litigation, courts in this District have typically approved rates of $150-$275." *R.G.*, 2019 WL 4735050, at *3. Given

Kopp's limited experience in IDEA litigation at the time of Plaintiff's hearing, a rate of $200 per hour is reasonable. *See S.J.*, 2021 WL 100501, at *4 (concluding that $200 per hour for Kopp was reasonable).

As to the paralegals, the Court concludes that a rate of $100 per hour is reasonable. *See R.G.*, 2019 WL 4735050, at *3 ("Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District.").

### 2.     Hours Billed

"Hours that are excessive, redundant, or otherwise unnecessary are to be excluded from fee awards." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted). In order to calculate an appropriate award, the district court may identify specific hours that should be disregarded, or it may choose to reduce the award by a reasonable percentage. *See R.G.*, 2019 WL 4735050, at *3. Here, Plaintiff seeks compensation for 134 hours of work and ten hours for travel for the administrative action (Dkt. No. 26-1 at 1), and 60.9 hours for the federal fee action (Dkt. No. 26-2 at 1). The Court concludes that Plaintiff's counsel's hours are unreasonable.

First, DOE contends that the amount of time working on the DPC should be reduced because it appears that Kopp drafted the DPC, after meeting and receiving guidance from Mendillo (*see* Dkt. No. 26-1 at 7), and then it was substantially re-done by Mendillo without explanation. (Dkt. No. 33 at 13.) However, Mendillo explains that he had to revise and add to the DPC after receiving S.L.'s neuropsychological evaluation. (Dkt. No. 28 ¶ 16.) While the Court recognizes the need to add and revise the DPC after receiving the evaluation, spending 17.2 hours on drafting the nine-page DPC, as Mendillo purportedly did (*see* Dkt. No. 26-1), after Kopp had already drafted the DPC, is longer than reasonable. Indeed, it is unclear why Mendillo would have had to revise the *entire* DPC given the new information. Moreover, considering the

number of hours courts have awarded for drafting DPCs, *see, e.g.*, *R.G.*, 2019 WL 4735050 at *4 (reducing the number of hours to draft a three-page DPC to 1.5 hours), the Court concludes that spending over twenty-five hours on the DPC was unreasonable.  It therefore reduces Mendillo's time working on the DPC complaint to four hours and Kopp's time to five hours.

      Second, DOE argues that the attorney's fees related to meeting with Plaintiff and advising her on various issues, such as participation in special education meetings and services that her daughter required, are not compensable under the IDEA.  (Dkt. No. 33 at 14.)  The Court disagrees.  DOE points to four occasions — September 5, 2018, September 6, 2018, February 26, 2019, and February 28, 2019 — as instances in which Mendillo conferred with Plaintiff on matters unrelated to the administrative proceedings.  (*Id.*)  But these meetings, such as the one on September 5, 2018, which related to an independent education evaluation, are reasonably related to the administrative action and the ultimate relief requested by Plaintiff.  *See, e.g.*, *R.G.*, 2019 WL 4735050, at *4 (concluding that communications with Plaintiff were not unrelated to preparation of the DPC).

      Third, DOE argues that the amount of time billed for the hearing preparation — 28.5 hours — is excessive.  (Dkt. No. 33 at 15.)  It suggests that that the Court should reduce the number of hours to align with the "preparation-to-proceeding" ratio of between 5:1 and 6:1 in similar cases.  (*Id.*)  The Court agrees.  In accordance with similar cases in this district, the Court reduces the hours billed in preparation for the hearing by fifty percent.  *See, e.g.*, *C.B*, 2019 WL 3162177, at *10.  The Court declines to reduce it even further, however, because as noted above, DOE failed to inform Mendillo that it would not be appearing at the hearing until shortly before the actual hearing date.

Similarly, the Court concludes that the 21.8 hours spent by Mendillo on the closing statement (*see* Dkt. No. 26-1 at 22–23) is excessive. The IHO requested a "short closing position statement" (*see* Dkt. No. 34-1 at 2), but Mendillo submitted a twenty-two-page closing brief (Dkt. No. 28-3). Given the IHO's directives, the limited number of witnesses and exhibits presented at the two-hour hearing, and the fact that the hearing was uncontested, the Court concludes that the amount of time Mendillo spent on the closing statement was unnecessary. *See R.G.*, 2019 WL 4735050, at *4 (reducing the number of hours spent on the closing brief from 24.5 hours to 19 hours). The Court therefore reduces the time Mendillo spent on the brief to fifteen hours.

Fourth, DOE argues that Mendillo's billing time for travel to and from Auburn, New York should be reduced. The Court agrees and reduces the travel time to one and a half hours each way, consistent with other decisions by courts in this district. *See, e.g.*, *C.D.*, 2018 WL 3769972, at *10 ("The Court's judgment is that the properly reimbursable travel time here is one hour in each direction. This gives due deference to a parent's desire to hire expert IDEA counsel . . . and to the inevitability of some travel time to the site of the hearing.").

Fifth, DOE contends that Plaintiff's billing for the instant federal action is excessive and requests a fifty percent reduction of the hours expended. (Dkt. No. 33 at 17.) Plaintiff's counsel spent 60.9 hours on the federal action, resulting in a fee of $27,562.50. (Dkt. No. 26-2 at 1.) The Court agrees that the hours billed must be reduced. In reviewing the attorney's fees submitted by Plaintiff that are related to the fee action, the Court notes that several of the entries are primarily related to the implementation of relief awarded by the IHO (*see, e.g.*, Dkt. No. 26-2 at 4, 5), and many are related to reviewing the ECF docket for an update on the status of the action and for minor notifications by the Court (*see, e.g.*, Dkt. No. 26-2 at 2, 7, 8). Furthermore,

9

as DOE points out, Plaintiff's summary judgment motion in this case is substantially the same to the many others it is has filed in recent cases in this district. (Dkt. No. 33 at 18.) The Court therefore concludes that the hours spent on this federal action should be reduced to 30 hours.

Finally, DOE argues that the expenses sought by Plaintiff, in the amount of $1,859.17, should be reduced. The Court agrees and hereby reduces the expenses as follows: (1) reducing photocopying expenses to $.10 per page for a total of $170.60, *see S.J.*, 2021 WL 100501, at *5; (2) deducting Mendillo's lodging, parking, and meal costs related to his trip to Brooklyn for the hearing, *see R.G.*, 2019 WL 4735050, at *6; (3) reducing Mendillo's mileage and toll fees to $60, *see id.*; and (4) deducting Plaintiff's request for reimbursement of fax expenses, *see id.*

### C.   Summary of Award

Based on the foregoing, the Court awards Plaintiff's counsel a total of $32,200, inclusive of all fees and costs, and taking into account Plaintiff's discretionary reduction of its time. The revised rates, hours, and expenses are summarized below:

| Name | Adjusted Rate | Adjusted Hours (Hearing) | Adjusted Hours (Fee Application) | Total Adjusted Fees |
|---|---|---|---|---|
| Cuddy | $360 | 2.4 | 1.6 | $1,440 |
| Sterne | $360 | 1.2 | N/A | $432 |
| Mendillo | $300 | 65.95 | 27.3 | $27,975 |
| Mendillo Travel | $150 | 3 | N/A | $450 |
| Kopp | $200 | 5 | N/A | $1,000 |
| Paralegals | $100 | 12 | 1.1 | $1,310 |
|  |  |  | **Subtotal** | $32,607 |
|  |  |  | Hearing Expenses | $232.49 |
|  |  |  | Fee Application Expenses | $400.00 |
|  |  |  | **Total** | **$33,239.49** |

**III.    Conclusion**

For the foregoing reasons, Plaintiff's motion is GRANTED in part and DENIED in part. Plaintiff is awarded a total of $33,239.49 in attorney's fees and costs. The Clerk of Court is respectfully directed to close the motion at Docket Number 25 and close this case.

    SO ORDERED.

Dated: February 9, 2022
       New York, New York

                                            J. PAUL OETKEN
                                        United States District Judge